UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REED, ET AL.,<br>   Plaintiffs,<br>  v.<br>TERRY A. DUREE, et al.,<br>   Defendants. | Case No. 3:16-cv-07041-VC (KAW)<br><br>**ORDER TERMINATING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 72 |

On January 31, 2018, the district court reopened fact discovery for the limited purpose of permitting Plaintiffs to take the deposition of Bret Yaple and referred the case to the undersigned for discovery purposes. (Dkt. No. 71.)

On March 14, 2018, Defendants filed a motion for protective order pertaining to the Yaple deposition. (Dkt. No. 72.) The undersigned does not, however, entertain discovery motions between the parties, and instead requires parties to file joint discovery letters to address pending discovery disputes. (Judge Westmore's General Standing Order ¶¶ 12-13, *http://cand.uscourts.gov/kaworders*.) Accordingly, the motion for protective order is TERMINATED, and the parties are ordered to meet and confer in an attempt to resolve the pending dispute without court intervention.

If those efforts fail to fully resolve all issues of contention, the parties shall jointly write and file a letter outlining any remaining disputes consistent with the Court's Standing Order. Upon receipt of the joint letter, the undersigned will determine whether a hearing is necessary or if the dispute may be resolved without oral argument pursuant to Civil Local Rule 7-1(b).

Notwithstanding, based on a cursory review of the motion for protective order, the parties are reminded that the district court reopened discovery for the limited purpose of conducting the

Yaple deposition after finding that "Yaple and David Castro, the defendants' counsel, have violated a number of discovery rules" and likely acted in bad faith. (Dkt. No. 68 at 1-2.) As a result, the district court has already continued the trial schedule to reopen discovery due to Yaple and Defendants' apparent misconduct, so the parties should be hesitant to seek another continuance due to the Yaple deposition.

While the Court recognizes that Defendants may be concerned about Yaple being questioned about the recently-filed *Platas* case, the undersigned finds this concern to be speculative and premature. Moreover, the Northern District's Guidelines for Professional Conduct § 9(e), as to depositions, provides that "[a] lawyer should only delay a deposition if necessary to address legitimate scheduling conflicts. A lawyer should not delay a deposition for bad faith purposes." (Northern District's Guidelines for Professional Conduct, *https://cand.uscourts.gov/professional_conduct_guidelines*.) Indeed, given the rapidly approaching dispositive motion deadline and the unmeritorious nature of the motion, it appears to have been filed for the improper purpose of delay, which constitutes a bad faith purpose. The appropriate time to object to deposition questions is at the deposition, and only <u>after</u> the questions are asked. If a question is asked that calls for privileged information, Yaple is free to object.

Nevertheless, the Court trusts that the parties (1) will immediately meet and confer and schedule the deposition to occur within the next 10 days, and (2) will conduct themselves professionally and in accordance with the deposition section of the Northern District's Guidelines for Professional Conduct ¶ 9, such that the Yaple deposition will go forward without incident.

IT IS SO ORDERED.

Dated: March 15, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge